# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Leonard Christopher Brown, | ) | Civil Action No.: 2:18-cv-02312-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| The State of South Carolina, | ) | |
| R. Markley Dennis, Jr., and | ) | |
| Benjamin Chad Simpson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for review of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin, who recommends summarily dismissing this action without prejudice and without issuance and service of process.[1] *See* ECF Nos. 12 & 14.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and she reviewed Plaintiff's pro se complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**

Plaintiff, a state pretrial detainee proceeding pro se and in forma pauperis, has filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants—the State of South Carolina, a circuit court judge (Defendant Dennis), and an assistant solicitor (Defendant Simpson)—have violated his constitutional rights in connection with his pending state murder charge. *See* ECF No. 1 (complaint). The Magistrate Judge recommends summarily dismissing this action because (1) the State of South Carolina is immune from suit in federal court pursuant to the Eleventh Amendment, (2) Defendant Dennis is entitled to absolute judicial immunity, (3) Defendant Simpson is entitled to prosecutorial immunity, and (4) *Younger*[2] abstention is appropriate. R & R at pp. 6–12.

In his objections, Plaintiff rehashes the allegations in his complaint and asserts he should be able to maintain suit against Defendant Dennis and Defendant Simpson. *See* Pl.'s Objs. [ECF No. 14]. However, as thoroughly explained in the R & R, these two defendants are entitled to absolute immunity given the allegations in Plaintiff's complaint. *See Stump v. Sparkman*, 435 U.S. 349 (1978) (judicial

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

2

immunity); *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity). Plaintiff also states he "seeks to substitute his monetary claim to be exonerated from all claims that the State has over" him, Pl.'s Objs. at p. 7, and indicates he is now seeking a writ of habeas corpus. *See id.* at pp. 1–2. However, habeas relief is not available via this § 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973))).[3] Accordingly, the Court will summarily dismiss this action.

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R & R [ECF No. 12], and **DISMISSES** this action *without prejudice and without issuance and service of process*.[4]

**IT IS SO ORDERED.**

Florence, South Carolina  
November 1, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[3] Even if Plaintiff had filed a habeas petition pursuant to 28 U.S.C. § 2241, *Younger* abstention would be appropriate because (1) he is involved in ongoing state criminal proceedings (2) that implicate important state interests, and because (3) he has an adequate opportunity to raise his federal claims in the state proceedings. *See generally Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (setting forth the three *Younger* criteria in the context of a § 2241 petition). Moreover, Plaintiff has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See id.* at 286 ("A federal court may disregard *Younger*'s mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm.").

[4] In the Court's view, Plaintiff cannot cure the defects in his complaint by mere amendment. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give Plaintiff leave to amend.